Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3797 | **DATE** | JUL 1 1 2008 |
| **CASE TITLE** | Diaz vs. Wilson | | |

**DOCKET ENTRY TEXT**

Petitioner's motion to proceed *in forma pauperis* [3] is granted. Petitioner's petition for *habeas corpus* [1] is summarily dismissed pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Petitioner, Rogelio Diaz, brings this *pro se* petition for a writ of *habeas corpus*. Petitioner seeks to file his petition *in forma pauperis*. Petitioner is indigent and the Court grants his motion to proceed *in forma pauperis*.

    On January 10, 2008, Petitioner was charged, by indictment, in the United States District Court for the Northern District of Illinois (Case No. 07 CR 653), with conspiracy to knowingly and intentionally possess with intent to distribute and to distribute a controlled substance, namely, in excess of five kilograms of mixtures containing cocaine, in violation of 21 U.S.C. § 841(a)(1). On January 15, 2008, Petitioner pled not guilty and a jury trial was scheduled for August 25, 2008. On July 2, 2008, Petitioner filed the instant petition for writ of *habeas corpus* regarding Case No. 07 CR 653 and an application to proceed *in forma pauperis*. Based on Petitioner's indigence, Petitioner's application to proceed *in forma pauperis* is granted.

    Petitioner brings his habeas petition pursuant to 28 U.S.C. § 2241 regarding Case No. 07 CR 653. To be eligible for habeas corpus relief under Section 2241, a federal pretrial detainee must first exhaust other available remedies. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 550-51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise"); *Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (stating that defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (same). In the instant petition, Petitioner attacks his arrest and pre-trial detention. These are issues that Petitioner may pursue during his pending criminal case, *see United States v. Alhalabi*, 443 F.3d 605, 610-12 (7th Cir. 2006); *United States v. Bjorkman*, 270 F.3d 482, 492 (7th Cir. 2001).

## STATEMENT

Accordingly, after preliminary review, the Court summarily dismisses the petition for a writ of *habeas corpus* pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.